USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/1/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GUILLAUME JACQUETY,

                Petitioner,

    - against -

GERALDINE HELENA TENA BAPTISTA,
et al.,

                Respondents.
-----------------------------------------------------------X

19-cv-9642 (VM) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

The Court having found that good cause exists for issuance of an appropriately tailored protective order, **IT IS HEREBY ORDERED THAT:**

1. This Protective Order is being entered into in order to facilitate the production, exchange and discovery of documents and information that the Parties and producing/testifying non-parties may agree merit confidential treatment (hereinafter, "Documents" or "Testimony").

2. Any Party or producing/testifying non-party may designate Documents produced or Testimony given in connection with this action as "Confidential," either by notation of the document, statement on the record, written statement to the undersigned counsel for the Parties hereto, or by other appropriate means.

3. As used herein:

    a. "Confidential Information" shall mean all Documents and Testimony, and all information contained therein and other information designated as confidential, if such Documents or Testimony contain sensitive personal information or other information, that has been

preserved as confidential by the designating Party and the disclosure of which would, in good faith judgment of the Party designating the material as confidential, be detrimental to that Party personally, professionally or to such Party's business.

b. In the event that the Party receiving such Confidential Information does not concur in the designation of such material as Confidential Information, such Party may notify the producing Party to declassify the Confidential Information. If the party who produced the Confidential Information does not agree to declassify such material within seven (7) day of the written request, the Party receiving such material may move the Court for an order declassifying those documents or material. In the event that no such motion is filed, such documents or material shall continue to be treated as Confidential Information.

4. Except with the prior written consent of the Party producing the Confidential Information or by Order of this Court, Confidential Information shall not be furnished, shown or disclosed to any person or any other entity except to:

a. personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

b. counsel for the Parties in this action and their attorneys, paralegals and other professional and non-professional personnel who are directly assisting such counsel in the preparation of this matter, are

       under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c. expert witnesses or consultants retained by the Parties or their counsel to furnish expert services, opinions, or testimony in connection with this action, provided that such expert is presented with a copy of this Order and agrees in writing that he or she will treat all such Confidential Information as confidential in accordance with the terms contained herein;

d. the Court and Court personnel;

e. any person who authored or received, outside of this litigation, the particular material, provided that the material has not been altered since that person authored or received such material;

f. any other person agreed to by the Parties;

5. Any person, including the Parties, who have been given access to another person's Confidential information shall not use that information for any other purpose other than prosecution or defense of this action. For example, a Party may not post the Confidential information of the other Party on social media. As another example, a Party may not use the Confidential information in other litigation unless the Confidential information is obtained through legally appropriate channels in that other litigation.

6. If at any time prior to the trial of this action, a Party realizes that some portion(s) of Documents or Testimony that that Party previously produced without limitation should be designated as Confidential, he/she may so designate by so apprising all parties in writing, and such designated portion(s) will thereafter be treated

as Confidential under the terms of this Order.

7. No Party shall be liable for a violation of this Protective Order for disclosure of information prior to entry of this Protective Order that the producing Party subsequently designates as Confidential pursuant to this Protective Order. However, following entry of this Protective Order, any information designated as Confidential by a producing party shall be treated as such notwithstanding a previous disclosure of that information prior to entry of this Protective Order.

8. This Order shall continue to be binding on the Parties, their counsel and all other parties who receive Confidential Information, and are subject to the terms contained herein after the conclusion of this litigation.

9. Nothing contained herein shall be deemed to waive any privilege recognized by law or shall be deemed to be an admission as to the admissibility in evidence of any fact or documents revealed during the course of disclosure, whether or not such material has been identified as Confidential Information.

10. Within thirty (30) days after the final termination of this litigation whether by settlement or exhaustion of all appeals, all Confidential Information and all reproductions thereof, shall be returned to the Party who produced the same, or destroyed at the option of the Party who received the Confidential Information. In the event that the Party who received the Confidential Information chooses to destroy such material, including transcripts of all proceedings identified as Confidential Information, such Party through their counsel shall certify in writing within thirty (30) days of the final termination of this litigation that counsel has destroyed such Confidential Information as well as all reproductions or copies thereof.

Notwithstanding this provision, counsel for the Parties may retain a copy of any legal filings containing Confidential Information.

11. In the event that a Party is called upon to produce Confidential Informational in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Party who received such Confidential Information shall give notice to the party who produced the Confidential Information by overnight mail and email within five (5) day in order to permit such party to object to the production of such Confidential Information. Nothing contained herein is construed as requiring any Party to this Order to subject itself to any penalties for noncompliance with any court order, subpoena or other direction by a court, administrative agency or legislative body.

12. Nothing in the foregoing shall bar a Party from making use of or disclosing to any person, its own Confidential Information.

13. Any Party filing Confidential information with the Court will adhere to the Court's rules for sealing and filing of such information.

Dated: September 1, 2020
New York, New York

SO ORDERED:

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE