USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GUILLAUME JACQUETY,

                Petitioner,

     - against -

GERALDINE HELENA TENA BAPTISTA,
et al.,

                Respondents.
-------------------------------------------------------------X

19-CV-9642 (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order addresses the trial technology issues discussed in the parties' November 12, 2020 joint letter. (Dkt. 89.) The Court appreciates the thought the parties have put into the matter. The Court's current understanding is that the parties would like to have an in-person trial to the extent possible, but with one or more witnesses appearing remotely. That is the Court's preference as well.

      Of course, pandemic conditions remain in flux, and it is possible that what may be contemplated today may not be possible later, or that what is thought of as neither possible nor practical now may turn out otherwise later. Accordingly, choosing technology that provides flexibility for the future seems sensible.

      The Court is also mindful of cost and does not wish to impose undue expenses on the parties. The Court believes that costs can be contained by concentrating all remote testimony to a consecutive time period so that payment for remote technology services may be needed for only one or a few days rather than for the entire trial.

      Another relevant factor is which platforms are available to the Court. Currently, approved S.D.N.Y. technologies include Skype Business and Microsoft Teams.

1

Additionally, parties have conducted trial with remote elements via Trial Graphix as described by Respondent in the November 12 letter.

Bearing in mind these considerations, the Court hereby orders as follows:

1.  The parties shall plan on using Trial Graphix for presentation of remote testimony.  Should circumstances change so as to warrant an alternative platform, the parties may raise the matter with each other and the Court.  For efficiency, the parties shall use reasonable efforts to concentrate all remote testimony of their respective witnesses into the fewest possible days, even if it requires taking one or more witnesses out of order.  The parties shall coordinate with court personnel as needed to arrange logistics for bringing in and setting up any equipment.  The parties shall bear costs equally unless agreed to otherwise.

2.  The Court will plan on having available an ELMO system and screen.  The Court's supply of equipment is limited, however, and the parties should confirm with my Deputy Clerk shortly in advance of trial to confirm that the Court's requisite system equipment is available.  The parties should have a "Plan B" for obtaining an ELMO system and screen in the event none is available from the Court.  The parties may also use alternative technology for presenting exhibits, including through Trial Graphix.

3. The Court endorses the parties' proposals for remote testimony protocol. That is, witnesses who testify remotely will swear under penalty of perjury in the United States and New York State, identify themselves with proper government-issued identification, testify from a quiet room with no one else present, and have no communication devices with them at the time of testimony. Additionally, the witness

shall have no documents or other information sources present with them other than exhibits previously sent to them by counsel.  If counsel does send exhibits to the witness in advance, they shall be sealed and not opened by the witness until directed to do so during his or her testimony.

4.  Also with respect to remote testimony, the parties shall meet and confer to determine at least 48 hours in advance of a witness's testimony whether the examination of that witness (both direct and cross) will take place in the courtroom or instead remotely.

The foregoing is not a full rendition of courtroom protocol for trial but rather of only the specific issues addressed.  The Court may issue further orders regarding conduct of the trial.  The parties should also consult the Court's individual rules with respect to trial.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 17, 2020
         New York, New York