**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Luna N. Barrington**
+1 (212) 310-8421
Luna.Barrington@weil.com

BY ECF

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/28/2020

December 28, 2020

The Honorable Robert W. Lehrburger
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Jacquety v. Tena Baptista, et al.*, 19-cv-9642-VM-RWL

Dear Judge Lehrburger:

Respondent Tena Baptista submits this letter motion in accordance with Federal Rule of Civil Procedure 5.2, the Court's September 1, 2020 order [ECF No. 68] (the "**Protective Order**"), and the *Rules for Redactions and Filing Under Seal* found in the Court's Individual Practices in Civil Cases (the "**Individual Practices**"). Respondent Tena Baptista seeks to maintain confidentiality with respect to (i) the redacted portions of *Respondent's Opposition to Petitioner's Motion in Limine to Preclude the Testimony of Drs. B.J. Cling, Ph.D. and Megan Goslin, Ph.D.* [ECF Nos. 112–13] (the "**Daubert Opposition**"), (ii) the sealed exhibits to the *Declaration of Luna N. Barrington in Support of Respondent's Opposition to Petitioner's Motion in Limine to Preclude the Testimony of Drs. B.J. Cling, Ph.D. and Megan Goslin, Ph.D.* [ECF Nos. 114–15] (the "**Barrington Declaration**"), and (iii) the *Respondent Geraldine Helena Tena Baptista's Pretrial Brief* [ECF No. 118] (the "**Pretrial Brief**"), filed under seal.

In accordance with the Court's Individual Practices, within five business days of the respective filings, the parties met and conferred regarding whether any or all of the redacted/sealed materials must be filed without redaction. Petitioner Jacquety does not oppose this letter motion to seal.

Specifically, the Respondent Tena Baptista seeks to maintain sealing of five exhibits to the Barrington Declaration: (i) the expert report of Dr. Peter Favaro, dated June 2, 2020 (Barrington Decl., Ex. A), (ii) the submission of Dr. Peter Favaro, dated November 23, 2020 (Barrington Decl., Ex. B), (iii) the rebuttal report of Dr. Peter Favaro, dated December 15, 2020 (Barrington Decl., Ex. C), (iv) the expert report of Dr. B.J. Cling, dated October 19, 2020 (Barrington Decl., Ex. E), and (v) the expert report of Dr. Megan Goslin, dated October 18, 2020 (Barrington Decl., Ex. F) (collectively, the "**Sealed Documents**").

The Sealed Documents and the Pretrial Brief discuss E.J., a minor, in great detail—often revealing her identity. In addition, these documents describe sensitive personal information, including medical and health treatments of both E.J. and Ms. Tena Baptista. The redacted portions of the Daubert Opposition

Hon. Robert W. Lehrburger
December 28, 2020
Page 2

**Weil, Gotshal & Manges LLP**

are excerpts of the Sealed Documents, or otherwise describe their contents—especially as it relates to E.J. Most, if not all, of the Sealed Documents have been designated as "confidential" under the Protective Order. Further, sealing these documents is consistent with the Petitioner's treatment of these same documents upon the *Motion in Limine* [ECF Nos. 102–03] and the Court's order granting the motion to seal [ECF No. 105].

Preserving confidentiality here is consistent with *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006), which does not require public disclosure of personal information. *See id.* at 114. Closure is further consistent with *Lugosch* because the Court has previously ordered Mr. Jacquety to file exhibits covered by the Protective Order under seal, and issued an order sealing nearly all of these very documents. *See id.* at 120 ("Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)); *see also* [ECF Nos. 73, 105].

Further, these Sealed Documents are not pleadings, which, under *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016), are subject to a presumption of public access. *Id.* at 140, 143 ("Of all the records that may come before a judge, a complaint is among the most likely to affect judicial proceedings."). The Court has already granted Mr. Jacquety's motion to seal on the apparent basis that E.J.'s privacy interests outweigh the countervailing potential "danger of impairing law enforcement or judicial efficiency." *Id.* at 143. It should similarly do so here.

Ms. Tena Baptista requests that the Court grant this letter motion to preserve the confidentiality of the Sealed Documents, the Pretrial Brief, and the related redacted portions of the Daubert Opposition.

Respectfully submitted,

/s/ Luna N. Barrington

Luna N. Barrington

cc (by ECF): All Counsel of Record

SO ORDERED:
12/28/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE