```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/19/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUILLAUME JACQUETY,

                Petitioner,

      - against -

GERALDINE HELENA TENA BAPTISTA,
and DR. YOUSSEFF ZAIM WADGHIRI,

                Respondents.
------------------------------------------------------------X

19-CV-9642 (RWL)

**COSTS**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On October 18, 2019, Petitioner filed this action pursuant to the Hague Convention On Civil Aspects Of International Child Abduction (the "Convention") and the Convention's implementing statute, the International Child Abduction Remedies Act, 22 U.S.C. § 9001, et seq. ("ICAR"). The Court conducted a twelve-day trial by remote technology over twelve days.[1] By decision dated May 11, 2021, the Court found in favor of Respondents and denied the petition. Final judgment was entered on May 19, 2021. Respondent Tena Baptista ("Respondent") now moves for an award of costs pursuant to 28 U.S.C. §§ 1920 and 1923, Rule 54 of the Federal Rules Of Civil Procedure, and Southern District Of New York Local Civil Rule 54.1.[2] Respondent initially requested total costs in the amount of $115,057.62, but after Petitioner opposed, has reduced her request to a total of $87,305.06. Petitioner contests the amount sought and argues that an award of costs should be limited to $18,105.34.

---

[1] The parties consented to my jurisdiction for all purposes on October 9, 2020. (Dkts. 78-80.)

[2] Respondent Wadghiri did not apply for costs.

1

**Legal Standards For Awarding Costs**

Federal Rule Of Civil Procedure 54 provides that, "unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1) ("Rule 54"); *see Choi v. City Of New York*, No. 10-CV-6617, 2013 WL 1387021, at *2 (S.D.N.Y. Apr. 5, 2013) (noting that an award of costs "against the losing party is the normal rule obtaining in civil litigation") (internal quotation marks omitted). The items that may be included in a cost award pursuant to Rule 54 are defined by statute, specifically 28 U.S.C. § 1920 ("Section 1920"). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S. Ct. 2494, 2497 (1987). Section 1920 lists six categories of recoverable costs:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under [28 U.S.C. § 1923];[3] and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].[4]

28 U.S.C. § 1920.

A court does not have discretion to tax costs beyond what is set forth in Section 1920. *Crawford Fitting*, 482 U.S. at 441-42, 107 S. Ct. at 2497 (court is not authorized "to tax whatever costs may seem appropriate"). "Rather, absent a contract or statute that authorizes a court to award additional costs to the prevailing party, only those costs that

---

[3] 28 U.S.C. § 1923 specifies amounts recoverable as costs for docket fees of the court.

[4] 28 U.S.C. § 1828, not relevant here, provides for establishment of special interpretation services for use in in criminal actions and civil actions initiated by the United States.

are set out in Section 1920 are properly taxable." *Endo Pharmaceuticals, Inc. v. Amneal Pharmaceuticals, LLC*, 331 F.R.D. 575, 579 (S.D.N.Y. 2019) (citing *Crawford Fitting*, 482 U.S. at 445, 107 S. Ct. at 2499); *see also Balance Point Divorce Funding, LLC v. Scranton*, 305 F.R.D. 67, 70 (S.D.N.Y. 2015) (costs as used in Rule 54 "includes only the specific items enumerated in 28 U.S.C. § 1920") (internal quotation marks omitted). The party seeking costs thus "bears the burden of establishing that each expense it seeks to recover 'falls within an allowable category of taxable costs.'" *Endo Pharmaceuticals,* 331 F.R.D. at 578-79 (internal brackets omitted) (quoting *National Organics, Inc. v. Nutraceutical Corp.*, No. 01-CV-384, 2009 WL 2424188, at *2 (S.D.N.Y. Aug. 6, 2009)) (quoting *Patterson v. McCarron*, No. 99-CV-11078, 2005 WL 735954, at *1 (S.D.N.Y. March 30, 2005)).

When interpreting and applying the costs statute, "the Supreme Court has explained that Section 1920 should be read as limiting taxable costs 'to relatively minor, incidental expenses,' such that 'the assessment of costs most often is merely a clerical matter that can be done by the court clerk.'" *Endo Pharmaceuticals*, 331 F.R.D. at 580 (quoting *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573, 132 S. Ct. 1997, 2006 (2012)). "Those observations, though dicta, 'demonstrate the Supreme Court's reluctance to read Section 1920 broadly.'" *Id.* (internal brackets omitted) (quoting *Broadspring, Inc. v. Congoo, LLC*, No. 13-CV-1866, 2016 WL 817449, at *5 (S.D.N.Y. Feb. 24, 2016), *aff'd in part, vacated in part on other grounds, Broadspring, Inc. v. Nashed*, 683 F. App'x 13 (2d Cir. 2017)). *See generally Taniguchi*, 566 U.S. at 572-73, 132 S. Ct. at 2006 (referring to the "narrow scope of taxable costs" and rejecting "broadest possible reading of the costs enumerated in § 1920").

3

Although the Court does not have discretion to award costs falling outside the statute's enumerated categories, the Court may exercise its discretion to *not* award costs that fall within those categories. *See Taniguchi*, 566 U.S. at 572-73, 132 S. Ct. at 2006 ("we have made clear that the 'discretion granted by Rule 54(d) is not a power to evade' the specific categories of costs set forth by Congress"; rather "'it is solely a power to decline to tax, as costs, the items enumerated in § 1920'" (quoting *Crawford Fitting*, 482 U.S. at 442, 107 S. Ct. at 2498.)  Section 1920 thus does not direct that the court "must" or "shall" award costs, but rather that a judge or clerk of court "may" tax costs as set forth in the statute.  28 U.S.C. § 1920; *see Endo Pharmaceuticals*, 331. F.R.D. at 580 ("even assuming, favorably to Endo, that the costs it seeks to recover fall within the scope of Section 1920, the consequence is that this Court '*may*' tax these costs, 28 U.S.C. § 1920 (emphasis added), and not that the Court must tax them" (emphasis in original)).  Similarly, Rule 54 provides that although certain costs "should" be awarded, a court may order "otherwise."  Fed. R. Civ. P. 54(d)(1).

## Discussion

Respondent requests payment for the following categories of costs, among others:[5] trial transcripts; printing, copying, and exemplification; fees paid to interpreters; and the fees paid for remote trial services.  Petitioner contends that much of what Respondent requests is not taxable as costs and should not be awarded.  The Court addresses each disputed category in turn.

**Trial Transcripts.**  Respondent initially sought $47,858.88 for costs of trial transcripts but, after Respondent's objection, reduced the demand to $42,333.84 by

---

[5] The Court does not address the limited categories of costs that are not disputed.

removing costs attributable to "minuscripts" and same-day delivery of transcripts. (Resp. Reply ¶ 3.[6]) Petitioner asserts that trial transcript costs should be reduced further by $25,848.50, the amount incurred for unedited, real-time transcription data, leaving a total of $16,485.34. (Pet. Obj. at 2-3.[7]) Although Petitioner did not ask for real-time service, both parties, as well as the Court, benefitted from real-time reporting at trial, particularly given translation and language difficulties. It appears, however, that Respondent's counsel received additional "feeds" that Petitioner did not. Fairness dictates that Petitioner pay for the costs only of (1) any real-time feeds provided to Petitioner's counsel, (2) no more than that same number with respect to feeds provided to Respondent's counsel, and (3) the feed provided to the Court. The cost of any additional feeds should be borne by Respondent. The Court cannot determine that amount from the invoices provided by counsel and will require Respondent to provide a revised bill of costs that makes the appropriate adjustment.

**Printing, Copying, and Exemplification.** Respondent initially claimed $44,455.49 for printing and copying, including for preparing exhibit binders provided to witnesses, opposing counsel, and the Court. Of that amount, $36,352.75 was allocated to printing and copying, and $8,102.74 to costs associated with exemplification at trial. Petitioner lodges several objections to those asserted costs. Petitioner thus challenges the extent of printing and copying as excessive, particularly given that the parties exchanged and displayed exhibits electronically; questions the rate-per-page claimed by

---

[6] "Resp. Reply" refers to Respondent Geraldine Helena Tena Baptista's Reply In Support Of The Application For Costs Against Petitioner, filed July 8, 2021 (Dkt. 220).

[7] "Pet. Obj." refers to Petitioner's Objections To Respondent's Cost Application, filed June 24, 2021 (Dkt. 218).

Respondent, contending that a reasonable cost per page would be limited to ten cents; asserts that Respondent has not met the criteria to establish copies of exhibits were necessary in place of originals; and argues that any need for exemplification was obviated because ICAR eliminates the need for authenticating documents.  As Petitioner would have it, a reasonable total for printing would be capped at $1,500 (representing 15,000 pages at ten cents per page).  In reply, Respondent has reduced her demand for printing and exemplification costs by 50% to a total of $22,227.97.[8]  (Resp. Reply ¶ 4.)

The Court agrees with Petitioner that Respondent has not sufficiently delineated what costs are attributed to exemplification as distinct from those that fall under other printing or copies of materials "necessarily obtained" for use in the case.  *See* 28 U.S.C. § 1920(3), (4).  The Court also agrees that the extent of copying by Respondent exceeds what may be recovered.  Pursuant to Local Rule 54.1(c)(5), "[t]he cost of copies used for the convenience of counsel or the Court are not taxable," and Respondent has not identified which copying costs were necessary and not merely for the convenience of counsel or the court.

Nonetheless, separate exhibit books were required for each witness.  And while exhibits were exchanged and displayed digitally, paper copies could not be avoided.  It also strikes the Court as somewhat disingenuous for Petitioner to suggest on the one hand that originals should have been used to avoid unnecessary copies but at the same time invoke ICAR's obviating the need for authentication, which, far from supporting Petitioner's point, allows copies to be used in place of originals.  The Court further rejects

---

[8] Respondent characterizes Petitioner's $1,500 figure as arbitrary, but Respondent's 50% figure is no less arbitrary.

Petitioner's supposition that Respondent charged a built-in profit for copy costs. (*See* Pet. Obj. at 4.) To the contrary, Respondent has affirmatively denied the suggestion and confirmed that counsel's internal printing charges are only fifteen cents per page. (Resp. Reply ¶ 4.)

Taking all these considerations into account, the Court finds that the total amount sought by Respondent for printing and exemplification should be reduced to the amount expended for copies of one set of the exhibit books provided to each witness for examination or cross-examination at trial and for one set of exhibits officially received into evidence.

**Interpreters.** Interpreters were employed for trial because the parties' native language is French. Respondent testified primarily in French; Petitioner testified primarily in English but occasionally benefitted from use of the interpreter. One non-party, who testified for Petitioner, testified entirely in French. The interpreter also occasionally assisted during trial with correcting or confirming translations of documents. Although the Court did not appoint an interpreter, it found the interpreters' services invaluable for trial.

Respondent claims $7,515.00 for fees paid to interpreters solely in connection with the testimony of Respondent herself. Petitioner contends that no interpreter fees are awardable based on this District's local rules, because the costs sought are those associated with the testimony of Respondent who is a party, and not a non-party witness. Pursuant to Local Rule 54.1(c)(3), parties are not entitled to witness fees, and pursuant to Local Rule 54.1(c)(4), "the reasonable fee of a competent interpreter is taxable if the fee of the witness involved is taxable." Local Rule 54.1(c)(3), (4).

Respondent replies that 28 U.S.C. § 1920(6) does not limit awardable interpretation costs to only those expended in connection with witnesses whose fees are taxable, and that a local rule of court cannot abridge a federal statute pursuant to the Rules Enabling Act.  The Rules Enabling Act authorizes federal courts to prescribe general rules of "practice and procedure," so long as "[s]uch rules [do] not abridge, enlarge or modify any substantive right."  28 U.S.C. § 2072(a), (b); 28 U.S.C. § 2071 (providing that procedural rules "shall be consistent with Acts of Congress"); *see also Weibrecht v. Southern Illinois Transfer, Inc.*, 241 F.3d 875, 879 (7th Cir. 2001) ("To the extent a local rule conflicts with a federal statute, [28 U.S.C. § 2071] is violated, and so the local rule must be held invalid") (citing *Frazier v. Heebe*, 482 U.S. 641, 646, 107 S. Ct. 2607, 2611-12 (1987)).  By limiting awardable costs of interpretation to interpretation provided only to witnesses whose own fees are taxable, Respondent argues, Local Rule 54.1(c)(4) impermissibly abridges the fees recoverable pursuant to 28 U.S.C. § 1920(6), and thus cannot be applied here.[9]

That argument is misguided.  As noted, Section 1920 expressly identifies costs that "may" be awarded, thus permitting courts to award less than what "may" otherwise be allowed.  Rule 54 does exactly that.  *See Crawford* Fitting, 482 U.S. at 441-42, 107 S. Ct. at 2497 ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d).  It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the

---

[9] Respondent does not directly question the validity of Local Rule 54.1(c)(4); instead, she places the onus on Petitioner by referring to Petitioner's "interpretation" of the local rule. But Respondent offers no alternative interpretation of the local rule and clearly has posed a direct challenge to the rule.

prevailing party."). Respondent's argument is premised on the incorrect assumption that all costs contemplated by Section 1920 are mandatory. Indeed, if Respondent's argument were correct, then Rule 54, not just this District's local rule, would be invalid because it expressly permits courts to issue orders disallowing costs otherwise allowed. Fed. R. Civ. P. 54(d)(1). This Court is not aware of any authority so holding.

Accordingly, costs for Respondent's interpreter will not be awarded.

**Remote Trial Expenses.** Trial of this case was conducted remotely as a result of the COVID-19 pandemic. Respondent seeks $15,108.25 in costs paid to the service provider, TrialGraphix, which provided technology for and facilitated trial. Petitioner contends that Respondent is not entitled to any remote trial costs because they are not included in any category under 28 U.S.C. § 1920. Petitioner is correct.

Remote trial costs are not mentioned in any category of costs under 28 U.S.C. § 1920 or Local Rule 54.1. Respondent asserts, however, that remote trial costs are encompassed by "[f]ees of the clerk and marshal," under 28 U.S.C. § 1920(1), because the Court ordered trial to be conducted remotely. Additionally, Respondent contends that virtual trial costs are "[f]ees for exemplification," under 28 U.S.C. § 1920(4), for presenting documents and testimony at trial. Neither contention is persuasive.

Another court in this District recently confronted the very issue presented here: whether the costs of retaining TrialGraphix to facilitate a remote trial fall within the ambit of recoverable costs. *Chain v. North East Freightways, Inc.*, 16-CV-3371, 2021 WL 1611953 (S.D.N.Y. April 26, 2021). The *Chain* court held that they do not, distinguishing between the costs of preparing demonstrative exhibits, which may be recoverable, and

9

costs for remote trial hosting, the service provided by TrialGraphix both there and here.[10] *Id.* at *3.

Even a generous reading of the cost categories identified in both of 28 U.S.C. § 1920 and Local Rule 54.1 does not include the costs of remote trial hosting. *See id.* ("even the broadest interpretation of Local Rule 54.1(c)(6) does not encompass remote trial hosting"). Respondent nonetheless urges that the costs of remote trial hosting should be treated the same as fees of the clerk and marshal because they are "necessary for the Court to operate." (Resp. Reply ¶ 7 n.4.) Nothing in the statute or rule, however, sets forth a "necessary for the court to operate" standard.[11] To be sure, with the advancement of technology and changes in legal practice, making remote trial hosting costs recoverable to some extent may be warranted. But that is a determination to be made by the legislature, not the court.[12] *See Crawford Fitting*, 482 U.S. at 440, 107 S. Ct. at 2497

---

[10] Respondent is to be commended for alerting the Court to the *Chain* decision. Nonetheless, Respondent has not referred the Court to any contrary authority that would support Respondent's position with respect to recovery of remote trial hosting costs.

[11] The Court also rejects Respondent's attempt to portray Petitioner as the party responsible for having to conduct the trial remotely. (Resp. Reply ¶ 7.) Both parties and the Court would have preferred an in-person trial. Respondent suggested putting off trial another couple of weeks with the hope of being able to do just that. Petitioner opposed any further delay given how long the case had been pending. The Court agreed and declined to further adjourn trial, particularly because the likelihood that deferring trial by a couple weeks would have led to being able to conduct an in-person trial was slim.

[12] The Court shares concerns expressed by others that the costs of modern litigation have grown such that a prevailing party hardly will be made whole if they are forced to incur costs of tens or even hundreds of thousands of dollars – not including attorneys' fees – to litigate a case. *See, e.g.*, *Crawford Fitting*, 482 U.S. at 449-50, 107 S. Ct. at 2501-02 (Marshall, J., dissenting) (finding majority's interpretation of Section 1920 and Rule 54(d) to exclude fees for experts not appointed by the court to be not only inconsistent with both text and language, but also "ill advised as a policy matter," because "[t]he costs of litigation, as we all know, have become staggering" and "[a]lthough the victor in litigation

(Section 1920 reflects "Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party").

Accordingly, costs of conducting the trial remotely will not be awarded.

## Conclusion

Within 14 days of entry of this Decision And Order, Respondent shall file a revised bill of costs consistent with the directives provided above.

SO ORDERED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 19, 2021
New York, New York

Copies transmitted to all counsel of record.

---

is not entitled to spoils, he ought at least to be able to invoke the court's discretion to make him whole") (internal quotation marks omitted).  This Court, however, must adhere to the clearly established precedent unless and until Congress revises the law, or the Supreme Court embraces a different understanding of Section 1920 than it has in the past.